UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES SUMMERS,                           )
                                         )
            Petitioner,                  )
                                         )
v.                                       )  Nos. 2:19-CV-188
                                         )       2:16-CR-114
UNITED STATES OF AMERICA,                )
                                         )
            Respondent.                  )

## MEMORANDUM OPINION

Before the Court is James Summers' ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 143].[1] The United States has responded in opposition [Doc. 4], and Petitioner has replied [Doc. 5]. Petitioner also filed a Motion for Status Update [Doc. 6] and a Motion for Discovery [Doc. 7]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 143] will be **DENIED**, and Petitioner's Motion for Status Update [Doc. 6], and Motion for Discovery [Doc. 7] will be **DENIED as MOOT**.

## I.    BACKGROUND

In October 2016, Petitioner, along with two co-defendants, were charged in a three-count indictment involving possession of stolen firearms. [Crim. Doc. 3]. Petitioner was

---

[1] Document numbers not otherwise specified refer to the civil docket.

named in two counts for possessing a stolen firearm and being a felon in possession of a firearm. [*Id*.]

On May 31, 2017, Petitioner pled guilty to both counts in the indictment without the benefit of a Plea Agreement. [Crim. Doc. 83, ¶ 2]. Petitioner, through Counsel, filed a Factual Basis [Crim. Doc. 73] and a Stipulation [Crim. Doc. 106]. The Presentence Investigation Report ("PSR") set forth the facts from Petitioner's factual basis and the co-defendants' written plea agreements. [Crim. Doc. 83, ¶¶ 4-25].

On February 1, 2016, Petitioner participated in stealing seven firearms, manufactured outside of Tennessee, from this brother's house, including a semi-automatic rifle and a large capacity magazine. Petitioner arranged for 6 of the 7 firearms to be bought and placed the 7th firearm in the co-defendant's car. Petitioner and a co-defendant sold the 6 firearms to his co-defendant's relative for $150.00 with the intent to buy narcotics for the three defendants. The same evening, the co-defendant was pulled over by the police and consented to a search of her car where the 7th firearm was discovered in the glove compartment. Petitioner admitted that when he knowingly possessed the seven stolen firearms, he had been convicted on August 22, 2013 for theft over $1,000.00, a felony, as well having other qualifying felony convictions. [*Id*.].

One month after his arrest, Petitioner alleged that his first counsel had not provided discovery to him and refused to file a suppression motion, and Petitioner requested new counsel. [Crim. Doc. 28]. Petitioner's counsel, B. Andrew Glenn, Esq., filed a response stating that he had delivered the copy of discovery materials to Petitioner on December 2, 2017, and averred that all of the discovery had either been given to or shown to Petitioner

2

[Crim. Doc. 30]. The Court held a hearing, and granted Petitioner's request for new counsel, appointing Douglas L. Payne, Esq. to represent Petitioner. [Crim. Doc. 32]. Petitioner, through counsel, filed a motion to suppress statement [Crim. Doc. 50], for which a hearing was held on May 11, 2017 and a Report and Recommendations ("R&R") [Crim. Doc. 64] was issued and adopted by the Court. [Crim. Doc. 69]. On May 26, 2017, approximately 2 days after the Court adopted the R&R and the same day the United States filed its trial brief, Petitioner, through counsel, filed a notice of intent to plea. [Crim. Doc. 72].

The Court conducted a change of plea hearing on May 31, 2017 wherein Defendant moved to change his plea and pled guilty without a formal plea agreement. [Crim. Doc. 96]. Based on the Official Transcript, the Court went over in detail Petitioner's plea agreement and the consequences of pleading guilty before confirming that Petitioner indeed wished to plead guilty. [*Id*.]. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney[2]; that he believed that his attorney was fully aware of all the facts on which the charges were based; and that Petitioner understood that his sentence would be determined *by the Court*. [*Id*.].

On August 14, 2017, Petitioner filed a motion to withdraw his guilty plea based on deficiencies he attributed to his attorney. [Crim. Doc. 89]. Petitioner's counsel also filed a motion to withdraw the same day based on reasons he would present to the Court at a hearing. [Crim. Doc. 88]. On August 30, 2017, the Court conducted a hearing on the motion

---

[2] The attorney at the change of plea hearing was Petitioner's second appointed attorney, Douglas L. Payne, Esq.

3

to withdraw and Petitioner's motion to withdraw his guilty plea, and, after hearing argument allowed Petitioner's counsel to withdraw and appointed a new attorney, Jefferson B. Fairchild, Esq., to represent Petitioner. [Crim. Doc. 99; Crim Doc. 132]. During the hearing, Petitioner moved to withdraw his motion to withdraw his guilty plea which the Court granted. [*Id*].

The PSR calculated a total offense level of 25 and criminal history category of IV, resulting in a guideline range of 84 to 105 months. [Crim. Doc. 83 ¶¶ 111-112]. Petitioner, through counsel[3], filed a notice of objections to the PSR, objecting to the base offense level calculation in ¶ 31, arguing that the firearm did not have an attached magazine or similar device capable of holding more than 15 rounds of ammunition or that there was a magazine of that type in close proximity to the firearm; objecting to the adjusted offense level in ¶ 38 for the same reason as the base level objection; objecting to the total offense level in ¶ 42 for the same reasons; and objecting to the guideline range in ¶ 80 for the same reasons and requesting a new guideline range of 46 to 57 months. [Crim. Doc. 102].

Petitioner through counsel, also filed a sentencing memorandum wherein he requested a sentence at the high end of the adjusted guideline range based upon his objections, or 57 months. [Crim. Doc. 105]. The United States also filed a notice of objections to the PSR [Crim. Doc. 86], objecting to the offense level reduction based on acceptance of responsibility, arguing that Petitioner did not timely notify authorities of his intent to plead guilty. The United States filed a sentencing memorandum, arguing that

---

[3] The attorney who filed the notice of objections and represented Petitioner at the sentencing hearing was Petitioner's third appointed attorney, Jefferson B. Fairchild, Esq.

Petitioner should be sentenced at the top of the adjusted guideline range based on its objection, or 115 months. Prior to sentencing, Petitioner, through counsel, filed a stipulation that Petitioner was a party in the underlying robbery of the firearms. [Crim. Doc. 106]. In response, the United States filed a new Notice of Objections to the PSR, stating that United States would file a motion for reduction based on acceptance of responsibility if Petitioner filed the stipulation and admitted under oath at sentencing that the facts in the stipulation were true. [Crim. Doc. 109].

On November 9, 2017, the Court held Petitioner's sentencing hearing. At the hearing, the Court heard argument and witness testimony regarding the enhancement for the large capacity magazine and concluded that the enhancement applied to Petitioner. [Crim. Doc. 129]. After hearing from Petitioner, and hearing argument from both the United States and Petitioner's attorney, The Court sentenced Petitioner to a total of 84 months' imprisonment. [Crim. Doc. 64]. Petitioner filed a notice of appeal [Crim. Doc. 114], and the Court of Appeals affirmed the Court's judgment on August 6, 2018. On October 24, 2019, Petitioner filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of

5

constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255

6

Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

## III. ANALYSIS

As an initial matter, Petitioner raises four claims in this § 2255 motion: 1) that he is actually innocent under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) since the Government did not prove that Petitioner "knowingly" possess a firearm and that Petitioner knew he belonged to the relevant category of persons barred from possessing a firearm, 2) that he received ineffective assistance of counsel during pre-trial and sentencing when "counsel failed to give Movant the legal advice and knowledge needed to make informed decision relative to pleading guilty or facing a jury trial," 3) the he received ineffective assistance of counsel because counsel "failed to explain properly the U.S.S.G.'s and inform Movant of the sentencing exposure he faced", and 4) that he received ineffective assistance of counsel when counsel "failed to let Movant review the entire case file and Brady material related to Movant's case." [Doc. 1; Crim Doc. 143]. The Court will first address Claim 1, then will address the ineffective assistance claims together.

### A. Claim 1 – Actual Innocence

7

Petitioner's first claim centers around Petitioner's argument that he is actually innocent of his §922(g) firearm offense under the new Supreme Court ruling in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). [Doc. 1]. Petitioner claims that the Government failed to prove that he knew he possessed a firearm and that he knew he belonged to the class of people barred from possession. [*Id*.].

The Court first notes that this claim is procedurally defaulted, because Petitioner failed to raise it on appeal. Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If a Petitioner cannot show cause and prejudice, he may be able to obtain review, if his case falls within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as when new evidence shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Here, Petitioner has not attempted to show cause or prejudice for his failure to raise this claim on direct appeal, but has he attempted to show that he is actually innocent.

Petitioner moves to vacate his conviction under § 2255, alleging he is actually innocent of violating 18 U.S.C. § 922(g)(1) because he contends that after *Rehaif*, he did not have the requisite knowledge to support his conviction or guilty plea. In *Rehaif*, the

8

Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200 (2019).

*Rehaif* does not undermine Petitioner's conviction for several reasons. First, Petitioner chose to plead guilty to the offense, relieving the Government of its obligation to prove the elements of the charge against him beyond a reasonable doubt. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Boce*, 488 U.S. 563, 569 (1989). Petitioner also stipulated to having prior felony convictions and the he knowingly possessed the firearm in the Factual Basis supporting his plea. [Crim. Doc. 73]; *see United States v. Conley*, 802 F. App'x. 919, 923, (6th Cir. Feb. 5, 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense."). Petitioner was advised of the consequences of his guilty plea by the Court and counsel and stated under oath that he understood his decision. The record reflects his guilty plea was knowing and voluntary. Having waived his right to hold the Government to its burden of proof, he cannot complain the evidence against him would have been insufficient.

*Rehaif* further provides no remedy for Petitioner because it merely "clarified" the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the Sixth Circuit denied the motion, holding "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.' " *Id.*; *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019) ("*Rehaif* ... did not announce a 'new rule of constitutional law....'"). District courts within the Sixth Circuit have likewise rejected "actual innocence" claims based on *Rehaif. See Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002 (M.D. Tenn. May 6, 2020) (same); *see also Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."); *Davidson v. United States*, No. 1:17-CR-137, 2020 WL 5549599, at *2–3 (E.D. Tenn. Sept. 16, 2020); *see also Tristian O'Kelley, v. United States*, No. 1:17-CR-16, 2020 WL 5735949, at *3 (E.D. Tenn. Sept. 24, 2020).

Finally, Petitioner does not claim he was unaware of his multiple prior felony convictions, or that he was unaware that he possessed firearms rather, he only states that the Government failed to prove these elements. [Doc. 1]. Even if true, Petitioner's knowledge of the ramifications of his felony convictions are irrelevant to his subsequent guilty plea and § 922(g) conviction. The law simply does not require that Petitioner knew

10

his possession of a firearm was unlawful. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*). !

Accordingly, Petitioner's claim is procedurally defaulted and will be **DENIED** as he is not entitled to relief under § 2255 as to this claim.

## B. Claims 2-4 – Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690.

11

The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The Court fist notes that it is unable to determine which of Petitioner's counsel he has deemed ineffective for any of his ineffective assistance claims. Petitioner does not provide the name, or names, of which counsel he is complaining in either the initial complaint or the reply brief. [*See* Docs. 1 and 5]. Petitioner has had three separate counsel appointed at different stages of his criminal trial, with two different counsel from when he changed his plea and at sentencing. The Court will not speculate as to which attorney Petitioner is referring in his motion. Respondent pointed out this deficiency in the response brief [Doc. 4], and Petitioner failed to cure this deficiency in his reply brief. [Doc. 5]. As Petitioner has not providef specific facts to support his conclusory allegations, the Court

can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at \*3–4 (6th Cir. July 14, 2020).

Further, even if Petitioner had provided specific allegations of his unnamed counsel's conduct, the motion would still be denied. Petitioner cannot satisfy the prejudice prong of *Strickland*

Here, Petitioner did not enter into a written plea agreement, but Petitioner, through counsel filed a Factual Basis supporting his Plea. [Crim. Doc. 73]. Petitioner, through different counsel, also filed a Notice Stipulation prior to sentencing adding an additional factual stipulation for his plea agreement. [Crim. Doc. 106]. Both parties stipulated to these facts at the change of plea hearing and at sentencing. Those facts were included in the PSR and provided evidence to support the assertion that Petitioner knowingly possessed the firearm after having previously been convicted of multiple felonies. [Crim. Doc. 83]. At the plea hearing, the Court went into great detail with Petitioner regarding the nature of the plea agreement, the possible consequences of the plea agreement, and the potential sentence Petitioner was facing. [Crim. Doc. 96]. Petitioner indicated that he still wished to plead guilty to the offense. [*Id*.]. Even if Petitioner's counsel had failed to explain the effects of the Plea Agreement and the potential sentence for Petitioner, Petitioner has not established prejudice from any of counsel's alleged failures as the record indicates that Petitioner was advised by the Court of the nature and consequences of the Plea Agreement, and the potential sentence Petitioner was facing before accepting Petitioner's change of plea. [*Id*.]. Further, Petitioner does not explain how reviewing more discovery would have

affected his decision making regarding whether to go to trial, nor does he claim that he would have gone to trial but for counsel's failure. [Doc. 1].

As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Petitioner's unsupported allegations are directly contradicted by the record and are not credited. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, Petitioner is not entitled to relief under § 2255 as to these claims, and Claims 2-4 will be **DENIED**.

### C. Motion for Status Update

Petitioner filed a Motion for Status Update on July 29, 2020 [Doc. 6], wherein he avers that he has less than 30 months left on his sentence and was "just trying to find out what is the status on said motion." [Doc. 6]. As Petitioner's 2255 motion is being resolved with this memorandum opinion and order, the Court finds the motion moot. Accordingly, Petitioner's Motion for Status Update will be **DENIED as MOOT**.

### D. Motion for Discovery

Petitioner filed a Motion for Discovery on July 29, 2020 [Doc. 7], wherein he requests the Court to order "the AUSA to turn over all discovery, paper, CD or anything" related to his 2255 suit and the underlying criminal conviction. [Doc. 7]. Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant

14

to conduct discovery upon a showing of good cause. Good cause is established "where specific allegations ... show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (internal quotations omitted); *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004). As discussed above, Petitioner has not demonstrated that he is entitled to relief in this matter, nor has he alleged any specific allegations for which discovery should be conducted. Accordingly, Petitioner's Motion for Discovery [Doc. 7] will be **DENIED as MOOT**.

## IV.    CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 143] will be **DENIED** and **DISMISSED**, and Petitioner's Motion for Status Update [Doc. 6] and Motion for Discovery [Doc. 7] will be **DENIED as MOOT**.

## V.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of

Petitioner's claims. Having examined Petitioner's claim under the *Slack* standard, the Court

finds that reasonable jurists could not find that the dismissal of those claims was debatable

or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge